■ In the Matter of ANN B. LIBERATORE, Petitioner, v NEW YORK STATE POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM et al., Respondents.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for performance of duty disability retirement benefits.

Petitioner contends that the record establishes her eligibility for membership in respondent New York State Policemen's and Firemen's Retirement System under Retirement and Social Security Law §§ 89-b and/or 384-d, and that respondent Comptroller, therefore, erred in denying her application for disability retirement benefits. The Comptroller found that in her position as Deputy Sheriff petitioner was not engaged directly in criminal law enforcement activities at least 50% of the time as required by the statutes.

The record contains evidence that the majority of petitioner's duties prior to her disablement were those of a court officer involved in the maintenance of security, order and decorum in the courts, with occasional assignments outside

the courtroom, such as transporting prisoners and assisting in the execution of warrants. Accordingly, there is substantial evidence to support the Comptroller's finding that petitioner's duties did not involve the required direct engagement in criminal law enforcement. Petitioner contends that subsequent to her disablement she was assigned to a new title, which clearly involves duties requiring direct engagement in criminal law enforcement, but this assignment was apparently for record-keeping purposes only; petitioner has never actually performed the duties of her new title because she is disabled. Petitioner also points out that she is receiving benefits pursuant to General Municipal Law § 207-c, but since that section contains no requirement concerning the direct engagement in criminal law enforcement, her eligibility for those benefits has no bearing on her eligibility for membership in the Policemen's and Firemen's Retirement System. We find nothing irrational in the Comptroller's determination and, therefore, it must be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.